OPINION OF THE COURT
Gerald Adler, J.
Petitioner in this article 78 proceeding, a recipient of food stamps, seeks review of the respondent State commissioner’s affirmance, after a statutory fair hearing, of the local agency’s refusal to replace a food stamp purchase authorization for the month of November, 1980, unused because of illness.
Petitioner and her husband were then 66 and 71, respectively, and, since an interpreter was required at the hearing, apparently not fluent in English. They received their regular food stamp authorization for that month, which was in the husband’s name. Due to his illness that month, the husband did not redeem the authorization for the appropriate stamps. The petitioner, believing she could not use the authorization because it was in her husband’s name, did not secure the stamps and the authorization was returned to the local agency which refused to issue a replacement. The husband died after the hearing and before the commencement of this proceeding.
*1002 The court takes particular note of the respondent’s attempt, set forth in paragraph eleventh of her verified answer, to now cast a cloud over petitioner’s evidence. The hearing officer found the husband credible and the respondent, in her decision, upon “the credible evidence and documents”, found the facts essentially as set forth by petitioner. There is no issue of fact here and contentions (1) as to the absence of contrary evidence and (2) that the respondent’s lack of witnesses under her control does not make petitioner’s self-serving testimony worthy of belief, are inappropriate. Such contentions, just as the spring-blooming flowers, “have nothing to do with the case” (Gilbert and Sullivan, The Mikado, Act II).
Food stamps are provided under the Federal program (US Code, tit 7, ch 51) whose purpose is to “permit low-income households to obtain a more nutritious diet * * * by increasing food purchasing power” (US Code, tit 7, § 2011). As respondent points out, the program must be administered in accordance with applicable Federal law and regulations (see Social Services Law, § 95), and contends that, pursuant to 7 CFR 274.2 (g) (3), she is not authorized to replace petitioner’s purchase authorization. The regulation does not support respondent’s contention since subdivision (g) deals with expedited service and paragraph (3) thereof deals with the emergency replacement of lost or stolen authorizations. The court therefore concludes there is neither a statutory nor a regulatory prohibition against the replacement of petitioner’s unused authorization.
In view of the fact that local agency may issue replacements if a recipient is unable to use the original authorization within the required time period, such as in cases of theft, loss, postal delay, computer breakdown and administrative delay, there is no rational ground for the refusal to reissue an authorization in this case. With no statutory or regulatory provision prohibiting reissue and the practice of reissuing in other similar situations, the court concludes the refusal here has no basis in law, is arbitrary and capricious and cannot stand. The petition is therefore granted to the extent of:
1. allowing petitioner to proceed as a poor person;
*1003 2. reversing and annulling the respondent’s decision;
3. remanding this matter to the local agency for the issuance of an appropriate authorization, and is in all other respects denied.